# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 04 B 12235 |
| | ) | Chapter 11 |
| FETLA'S TRADING POST, INC., an | ) | |
| Indiana corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| IN RE: | ) | Bankruptcy No. 04 B 12231 |
| | ) | Chapter 11 |
| FTP HOLDINGS CO., INC., an Illinois | ) | |
| corporation, | ) | Judge John H. Squires |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | |
| FETLA'S TRADING POST, INC., an | ) | Adversary No. 05 A 00926 |
| Indiana corporation, f/k/a FETLA'S | ) | |
| TRADING COMPANY, INC., a debtor- | ) | |
| in-possession, and FTP HOLDINGS CO., | ) | |
| INC., a debtor-in-possession, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GILBERT GRANET, individually and as | ) | |
| agent, officer, shareholder, director, and/or | ) | |
| employee of Baytree Investors, Inc., an | ) | |
| Illinois corporation; BAYTREE | ) | |
| INVESTORS, INC., an Illinois | ) | |
| corporation; RHONA MILLER, | ) | |
| individually and as agent, officer, | ) | |
| shareholder, director, and/or employee of | ) | |
| Verbius Holdings Co., Inc., an Illinois | ) | |
| corporation; VERBIUS HOLDINGS CO., | ) | |
| INC., an Illinois corporation; | ) | |
| CHRISTOPHER A. JANSEN, | ) | |
| individually and as a shareholder of | ) | |
| Talcott Financial Corporation, an | ) | |
| involuntarily dissolved Illinois | ) | |
| corporation; and TALCOTT FINANCIAL | ) | |
| CORPORATION, an involuntarily | ) | |
| dissolved Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

-2-

## MEMORANDUM OPINION

These matters come before the Court on the motion of defendant Christopher A.
Jansen ("Jansen") to withdraw admissions pursuant to Federal Rule of Bankruptcy Procedure
7036 and Federal Rule of Civil Procedure 36 and on the motion of plaintiffs Fetla's Trading
Post, Inc. and FTP Holdings Co., Inc. (collectively the "Plaintiffs" and individually "Fetla's
Trading Post" and "FTP Holdings") for partial summary judgment pursuant to Federal Rule
of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56 on Counts I and II of
their complaint seeking relief against defendants Jansen, Gilbert Granet ("Granet"), Baytree
Investors, Inc. ("Baytree"), Rhona Miller ("Miller"), Verbius Holdings Co., Inc. ("Verbius"),
and Talcott Financial Corporation ("Talcott") (collectively the "Defendants").

For the reasons set forth herein, the Court grants Jansen's motion to withdraw his
admissions and allows him to file a response to the Plaintiffs' request for admissions. That
response must be filed within ten days hereof. In addition, the Court denies the Plaintiffs'
motion for partial summary judgment pursuant to Counts I and II of the complaint with
respect to Jansen. The Plaintiffs' motion for partial summary judgment against Granet,
Baytree, Miller, Verbius, and Talcott is granted under Count I of the complaint but denied
under Count II of the complaint. A pretrial conference has been set in this matter for March
7, 2006 at 9:00 a.m.

-3-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).[1]

## II. FACTS AND BACKGROUND

On March 29, 2004, Fetla's Trading Post and FTP Holdings filed voluntary Chapter 11 bankruptcy petitions. Fetla's Trading Post is an Indiana corporation, and FTP Holdings is an Illinois corporation. On March 15, 2005, the Plaintiffs filed this adversary proceeding against the Defendants. The eight-count complaint alleges that the Defendants engaged in a variety of acts that improperly diverted money from the Plaintiffs. Specifically, the complaint alleges the following causes of action against the Defendants: (1) preferential

---

[1] Count III of the complaint alleges a cause of action for fraudulent transfers under Illinois law, 740 ILCS 160/6(a), Count IV, which also alleges fraudulent transfers, seeks relief under Indiana law, IND. CODE 32-18-2 *et seq.*, Count V alleges breach of fiduciary duty under Indiana law, Count VI asserts breach of fiduciary duty under Illinois law, Count VII claims misappropriation of corporate assets under Illinois law, and Count VIII asserts a cause of action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68. None of these counts of the complaint is a core proceeding under 28 U.S.C. § 157(b)(2). *See, e.g., Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (stating that a claim made pursuant to the Racketeer Influenced and Corrupt Organizations Act is not a core proceeding; it is a noncore, related proceeding). Rather, they are noncore, related matters. The Seventh Circuit has stated that a matter is "related to" a bankruptcy case when it affects either the amount of property in the bankruptcy estate or the distribution of that property among the creditors. *In re FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996); *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). The outcome of Counts III-VIII of the complaint will affect either the property of the bankruptcy estates or the distribution of that property among the creditors. However, for purposes of the motions at bar, which do not address these counts of the complaint, the Court has core jurisdiction.

-4-

payments pursuant to 11 U.S.C. § 547(b); (2) fraudulent transfers under 11 U.S.C. § 548; (3)

fraudulent conveyances pursuant to Illinois law, 740 ILCS 160/6(a); (4) fraudulent transfers

under Indiana law, IND. CODE 32-18-2 *et seq.*; (5) breach of fiduciary duty under Indiana law;

(6) breach of fiduciary duty pursuant to Illinois law; (7) misappropriation of corporate assets

under Illinois law; and (8) civil violations of the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961-68. The Defendants filed an answer that effectively

denies liability under all of the various counts of the complaint.

On August 16, 2005, the Plaintiffs filed and served upon the Defendants

interrogatories, requests for production of documents, and requests for admission of facts.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Defendants were required

to respond thereto by September 16, 2005. None of the Defendants filed a response by that

date nor did they seek an extension of that date. The request for admissions relates only to

Counts I and II of the complaint which allege preferential payments and fraudulent transfers.

By virtue of the Defendants' failure to respond to the request for admissions, those

admissions were deemed admitted. *See* FED. R. CIV. P. 36(a). Thereafter, on November 30,

2005, based on those admissions, the Plaintiffs filed a motion for partial summary judgment

with respect to Counts I and II of the complaint. Jansen was the only defendant to respond

to the motion. On January 13, 2006, Jansen filed his motion to withdraw the admissions and

for leave to file a response to the request for admissions. The Court will address both

Jansen's motion to withdraw the admissions and the Plaintiffs' motion for partial summary

judgment in turn.

-5-

## III. DISCUSSION

**A.    Jansen's Motion to Withdraw Admissions and for Leave to File a Response**

Jansen seeks to withdraw the default admissions as a result of his failure to respond to the Plaintiffs' request for admissions and replace those default admissions with the response he allegedly attached to his motion.[2]  In that response, Jansen invokes his right against self-incrimination pursuant to the Fifth Amendment of the U.S. Constitution.  Jansen contends that he has invoked the Fifth Amendment in this bankruptcy case because there is a pending criminal investigation involving him.

### 1. Applicable Standards Under Federal Rule of Civil Procedure 36(b)

Jansen seeks relief under Federal Rule of Civil Procedure 36(b), made applicable by Federal Rule of Bankruptcy Procedure 7036, which provides in relevant part as follows:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the

---

[2]  On January 13, 2006, Jansen filed a document entitled "Jansen's Response to Plaintiffs' Request for Production of Documents."  In that document, Jansen asserts the Fifth Amendment privilege against self-incrimination in response to each request for production.  That document, however, makes no reference to the request for admissions.  The Plaintiffs, however, make reference to Jansen's response to the request for admissions in their response to Jansen's motion to withdraw the admissions.  Unfortunately, the Court has not been furnished a copy of the response that Jansen seeks to file in place of the deemed admissions.  Based upon the Plaintiffs' assertions in their response to Jansen's motion to withdraw the admissions, the Court will assume for purposes of this motion that Jansen has claimed the Fifth Amendment privilege against self-incrimination in response to each request to admit.

-6-

party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. . . .

FED. R. CIV. P. 36(b).

The proper procedure for withdrawing admissions made by virtue of a failure to respond to a request for admissions is by motion. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (*quoting United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)). Jansen has filed such a motion. A court may permit a party to withdraw default admissions if several requirements are met: (1) the presentation of the merits of the action will be subserved by the withdrawal; (2) the party who obtained the default admissions fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits; and (3) the court, in its discretion, permits the withdrawal. FED. R. CIV. P. 36(b); *Banos v. City of Chi.*, 398 F.3d 889, 892 (7th Cir. 2005); *Kasuboski*, 834 F.2d at 1350 n.7 ("Rule 36(b) allows withdrawal of admissions if certain conditions are met and the . . . court, in its discretion, permits the withdrawal."); *Ryan v. State of Ill.*, No. 91 C 3725, 1997 WL 399648, at *3 (N.D. Ill. July 11, 1997); *Paymaster Corp. v. Cal. Checkwriter Co.*, No. 95 C 3646, 1996 WL 543322, at *1 (N.D. Ill. Sept. 23, 1996); *Skolnick v. Puritan Pride*, 92 C 1022, 1995 WL 215178, at *2 (N.D. Ill. April 10, 1995); *Narowetz Mech. Contractors, Inc. v. Econ. Mech. Indus., Inc. (In re Narowetz Mech. Contractors, Inc.)*, 99 B.R. 850, 860 (N.D. Ill. 1989), *aff'd*, 898 F.2d 1306 (7th Cir. 1990).

It is well-established that the failure to respond to a request to admit will permit a court to enter summary judgment if the facts deemed admitted are dispositive. *Kasuboski*, 834 F.2d at 1350; *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.*, 606 F.2d 760,

766 (7th Cir. 1979); *Cent. States, Se. & Sw. Areas Pension Fund v. GL & B Leasing Co.*, 874 F. Supp. 217, 218 n.1 (N.D. Ill. 1995); *Hartwig Poultry, Inc. v. Am. Eagle Poultry (In re Hartwig Poultry, Inc.)*, 54 B.R. 37, 39 (Bankr. N.D. Ohio 1985). However, a court is not required to do so. Courts are particularly responsive to allowing late answers to a request for admissions when summary judgment is involved. *White Consol. Indus., Inc. v. Waterhouse*, 158 F.R.D. 429, 432 (D. Minn. 1994); *Lucas v. Higher Educ. Assistance Found. (In re Lucas)*, 124 B.R. 57, 58 (Bankr. N.D. Ohio 1991). "[T]he interests of justice are not furthered by automatically determining all the issues of an adversary proceeding and perfunctorily entering summary judgment against a party simply because a deadline is missed." *Sadowsky v. Larson (In re Larson)*, 169 B.R. 945, 955 (Bankr. D. N.D. 1994). Allowing the tardy admissions to stand, or permitting the withdrawal of the otherwise deemed admissions, may facilitate the development of the case in reaching the truth. *Id.*

**2. Application of Rule 36(b) to the Facts**

The Court finds that Jansen has demonstrated the requisite elements necessary to warrant the withdrawal of the default admissions. First, because the default admissions are dispositive in this adversary proceeding with respect to Count I of the complaint, permitting the withdrawal of the default admissions in favor of allowing Jansen's response to the Plaintiffs' request for admissions would further the presentation and resolution of Count I on the merits.[3] If the default admissions are allowed to stand, Jansen will be unable to

---

[3] As discussed in Sections III.B.5 and 6 *infra* of the instant Memorandum Opinion, the Plaintiffs' request to admit, even if deemed admitted by the Defendants, does not establish the necessary elements for a prima facie showing under § 548(a)(1). Thus, the default admissions are not dispositive with respect to Count II of the complaint.

-8-

succeed on the merits. The Plaintiffs do not dispute that the denial of Jansen's motion to withdraw the admissions would eliminate a determination of Count I of the complaint against Jansen on the merits. Indeed, the admissions would have the effect of Jansen admitting all of the requisite elements of an avoidable preferential transfer pursuant to § 547(b). Permitting the withdrawal of the deemed admissions would facilitate the development of Count I in reaching the truth.

The Plaintiffs contend that Jansen himself has effectively eliminated any presentation on the merits with respect to Counts I and II of the complaint by invoking the Fifth Amendment privilege against self-incrimination. According to the Plaintiffs, the Court should find that the presentation of the merits element has not been met because they will not be able to prosecute their causes of action against Jansen as a result of his invocation of the Fifth Amendment.

When answering a request for admissions, a party is entitled to the same constitutional protection as if the party were called as a witness at a trial. *In re Stein*, 43 F. Supp. 845, 847 (N.D. Ill. 1942); *see also Vill. of Brookfield v. Pentis*, 101 F.2d 516, 522 (7th Cir. 1939) (finding that the privilege of refusing to answer incriminating questions is available during the discovery process). This protection includes invoking the Fifth Amendment privilege against self-incrimination. *Stein*, 43 F. Supp. at 847; *see also FDIC v. Logsdon*, 18 F.R.D. 57, 58 (W.D. Ky. 1955). When invoking the privilege, a blanket refusal to respond to a request for admissions is not acceptable. *United States v. $493,850.00 in U.S. Currency*, No. Civ. 03-2345 PHX VAM, 2006 WL 163570, at *8 (D. Ariz. Jan. 23, 2006); *Pack v. United States*, No. CV-F-92-5327-REC, 1995 WL 783591, at *9 (E.D. Cal.

Nov. 8, 1995); *United States v. Gordon*, 10 Ct. Int'l Trade 292, 301 (1986). The privilege must be asserted with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify. *Hoffman v. United States*, 341 U.S. 479, 486-88 (1951).

The Court finds that Jansen is entitled to assert his Fifth Amendment privilege against self-incrimination in response to the request for admissions. However, the Court may draw negative inferences from Jansen's invocation of the Fifth Amendment in this civil proceeding. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995) ("The rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals, including our own. . . . "). Nevertheless, whether the Court should draw those negative inferences is not properly addressed at this stage of the proceedings because Jansen has not provided the Court with a copy of the response that he seeks to file in lieu of the deemed admissions.

Further, the Court finds that the interests of justice are not served by perfunctorily entering summary judgment against Jansen because he missed one deadline as a result of mistake or inadvertence. The Court finds that the entry of summary judgment against Jansen and in favor of the Plaintiffs on Count 1 of the complaint based on the default admissions would produce an unduly harsh result. Thus, the first condition required for the Court to exercise its discretion has been satisfied.

Next, the Court must determine whether withdrawal of the default admissions will prejudice the Plaintiffs. One court has noted that

-10-

> [t]he prejudice contemplated by the Rule is not simply that
> the party who initially obtained the admission will now have
> to convince the fact finder of its truth. Rather, it relates to the
> difficulty a party may face in proving its case, *e.g.*, caused by
> the unavailability of key witnesses, because of the sudden
> need to obtain evidence with respect to the questions
> previously answered by the admissions.

*Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982); *see also Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (*quoting Brook Vill.*); *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990) (same); *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (same). The party who obtained the admissions bears the burden of proving that withdrawal of the admissions will prejudice that party's case. *Hadley*, 45 F.3d at 1348; *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994); *Lucas*, 124 B.R. at 59.

In support of their burden, the Plaintiffs do not make any specific arguments concerning the difficulties they will encounter if Jansen's deemed admissions are allowed to be withdrawn–e.g., witnesses or documentary evidence suddenly becoming unavailable. Rather, the Plaintiffs argue that by allowing Jansen to replace the deemed admissions with his response, which invokes the Fifth Amendment privilege against self-incrimination, they will not be able to prosecute their causes of action against him, and thus, will suffer prejudice.[4]

---

[4] In making their point that they have suffered prejudice, the Plaintiffs state that they "have relied on Jansen's admissions in prosecuting their case because of his invocation of the Fifth Amendment." (Pls.' Resp. to Jansen's Mot. to Withdraw Admis. at p. 7). It is unclear to the Court what the Plaintiffs are attempting to argue here.

-11-

The Court disagrees with the Plaintiffs' argument that they will be prejudiced if the Court allows Jansen to withdraw the admissions. The Court finds that the Plaintiffs will not be prejudiced by the withdrawal of the default admissions. The prejudice contemplated by Rule 36(b) is something more than that the Plaintiffs now have the burden of proving facts at trial that the admissions would have established. *See Vaughan v. Meridian Nat'l Corp. (In re Ottawa River Steel)*, 324 B.R. 636, 639-40 (Bankr. N.D. Ohio 2005). Rather, the Plaintiffs must show some special difficulty resulting from the sudden need to produce evidence. *See id.* The Plaintiffs may not assert prejudice merely because they must prosecute their causes of action on the merits. After all, a plaintiff should be required to prove its prima facie case. The Plaintiffs have not adequately demonstrated that they will have difficulty proving their causes of action against Jansen; they have not alleged difficulty in obtaining documentary evidence or witnesses.[5] The Court finds that Jansen's invocation of the Fifth Amendment in and of itself does not serve to establish the prejudice contemplated by Rule 36(b).

Finally, the Court, in the exercise of its discretion, permits Jansen to withdraw the default admissions and replace such admissions with the response to the Plaintiffs' request for admissions. That response must be filed within ten days hereof.

---

[5] The Court is mindful that documentary evidence, rather than a defendant's admissions, is frequently used to establish many, if not all, of the requisite elements necessary to prove a prima facie case of avoidable preferential transfers under 11 U.S.C. § 547(b) and avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a).

-12-

## B.   Plaintiffs' Motion for Partial Summary Judgment

The Plaintiffs seek partial summary judgment on Counts I and II of the complaint based upon the Defendants' default admissions.   According to the Plaintiffs, those admissions entitle them to summary judgment in their favor because there are no genuine issues of material fact.

### 1.  Applicable Summary Judgment Standards

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c); *see also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir. 1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmen's Fed. Savs. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)).  Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

-13-

On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.) (internal quotation omitted), *cert. denied*, 126 S. Ct. 746 (2005).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining

-14-

if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

-15-

Rule 56(d)[6] provides for the situation when judgment is not rendered upon the whole matter, but only a portion thereof. The relief sought pursuant to subsection (d) is styled partial summary judgment. Partial summary judgment is available to dispose of one or more counts of a complaint in their entirety. *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awning Co.*, 266 F.2d 200, 201 (7th Cir. 1959); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216-17 (7th Cir. 1946); *Quintana v. Byrd*, 669 F. Supp. 849, 850 (N.D. Ill. 1987); *Strandell v. Jackson County, Ill.*, 648 F. Supp. 126, 136 (S.D. Ill. 1986); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F. Supp. 506, 509 (N.D. Ill. 1985); *Capitol Records, Inc. v. Progress Record Distrib. Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985); *In re Network 90 Degrees, Inc.*, 98 B.R. 821, 831 (Bankr. N.D. Ill. 1989). Rule 56(d) provides a method whereby a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56. *Capitol Records*, 106 F.R.D. at 29.

---

[6] Rule 56(d) provides as follows:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

FED. R. CIV. P. 56(d).

-16-

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.

Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the movant to supplement the motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B.

The party opposing a summary judgment motion is required by Local Bankruptcy Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the

-17-

moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B.

As required, the Plaintiffs filed a 7056-1 statement that complies with the Local Rule. It includes numbered paragraphs outlining undisputed material facts along with specific references to supporting exhibits. The Plaintiffs have attached a copy of the complaint in this matter, the Defendants' answer to the complaint, and a partial copy of the request for admissions served upon the Defendants.

For reasons unknown to the Court, Jansen elected not to file a response to the Plaintiffs' 7056-1 statement. Nor has he filed any type of document that bears any semblance, either in form or substance, to a 7056-2 statement. The only document that Jansen filed was a response to the motion for partial summary judgment. Standing alone, this response fails to address any of the undisputed facts asserted by the Plaintiffs in their 7056-1 statement.[7] Jansen's response, or lack thereof, is entirely insufficient for compliance with Local Rule 7056 and does not serve the purpose of framing the pleadings at bar or making specific references to those parts of the record on which the party opposing the summary judgment relies to show a material factual dispute. *See Davis v. Ill. State Police Fed. Credit Union (In re Davis)*, 244 B.R. 776, 782 (Bankr. N.D. Ill. 2000). The Court is not obliged to

---

[7] In contrast to the multi-paged documents that the Plaintiffs submitted in support of their motion for partial summary judgment, Jansen's response consists of only four paragraphs on a total of two pages. Jansen argues in that response that he has filed a contemporaneous pleading asking the Court to exercise its discretion and allow him to withdraw any admissions he has made; he also requests leave to file answers to the Plaintiffs' request for admissions. (Jansen's Resp. to Pls.' Mot. for Partial Summ. J. at p. 2.) According to Jansen, if the Court grants his motion, then it should deny the Plaintiffs' motion for partial summary judgment because that motion is premised on the admissions Jansen is seeking to withdraw. (*Id.*)

-18-

sift through the record to ferret out those parts relied upon by Jansen in opposition to the motion for summary judgment. *See id.* None of the other Defendants responded to the motion or filed a 7056-2 statement.

The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir. 1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277-78 (7th Cir. 1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir. 1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240-41 (7th Cir. 1991). Compliance with Local Bankruptcy Rules 7056-1 and 7056-2 is not a mere technicality. Courts rely greatly on the information in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *Am. Ins. Co. v. Meyer Steel Drum, Inc.*, No. 88 C 0005, 1990 WL 92882, at *7 (N.D. Ill. June 27, 1990). The statements required by Local Rule 7056 are not merely superfluous abstracts of evidence. Rather, they

> are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Because the Defendants failed to comply with Local Rule 7056-2, all material facts in the Plaintiffs' 7056-1 statement are deemed admitted and are set forth in Section III.B.2 *infra* of the instant Memorandum Opinion.

-19-

## 2. Undisputed Facts

The following facts are undisputed or, as discussed *supra*, have been deemed admitted pursuant to Local Bankruptcy Rule 7056-2B. Fetla's Trading Post is an Indiana corporation. (7056-1 statement ¶ 1.) FTP Holdings is an Illinois corporation. (*Id.* ¶ 2.) Baytree and Verbius are also Illinois corporations. (*Id.* ¶¶ 6 & 7.) Talcott is an involuntarily dissolved Illinois corporation. (*Id.* ¶ 8.) Granet is an officer, director, and shareholder of Baytree and Verbius. (*Id.* ¶ 13v.) Miller is an officer and director of Verbius and the wife of Granet. (*Id.* ¶ 13vi.) She was also FTP Holdings' bookkeeper. (*Id.* ¶ 13viii.) Jansen is an officer, director, and shareholder of Baytree and a business partner of Granet. (*Id.* ¶ 13vii.)

Prior to September of 2000, Jansen, Granet, Baytree, and Talcott brokered a deal to purchase Fetla's Trading Post. (*Id.* at ¶ 13ii.) On September 14, 2000, Granet and Jansen formed FTP Holdings for the sole purpose of holdings shares of Fetla's Trading Post. (*Id.* ¶ 13iii.) Beginning in September 2000, Granet was an officer and director of both Fetla's Trading Post and FTP Holdings. (*Id.* ¶ 13iv.) The record is silent with respect to the time period from September 2000 to the filing of the bankruptcy petitions by Fetla's Trading Post and FTP Holdings on March 29, 2004.[8]

---

[8] The Plaintiffs seek recovery of alleged preferential and fraudulent transfers, yet they fail to describe or even mention the particulars of these transfers in their 7056-1 statement.

-20-

On March 15, 2005,[9] the Plaintiffs filed the instant eight-count complaint against the

Defendants. (*Id.* ¶ 11.) On July 8, 2005,[10] the Defendants filed an answer to the complaint.

(*Id.* ¶ 12.) Subsequently, on August 16, 2005, the Plaintiffs served upon the Defendants a

request to admit pursuant to Rule 36(b). (*Id.* ¶ 13;[11] Mot. for Partial Summ. J. Ex. C.) The

Defendants were required to respond to the request for admissions by September 16, 2005

pursuant to Rule 36. (7056-1 statement ¶ 14.) As of this date, all Defendants, except for

Jansen, have failed to respond to the Plaintiffs' request for admissions.[12] (*Id.*) Thus, the

unanswered admissions are deemed admitted. FED. R. CIV. P. 36(a). Based upon those

admissions, Granet, Baytree, Miller, Verbius, and Talcott have admitted to the following

material facts: (1) the Plaintiffs made transfers[13] directly to these Defendants or for their

benefit within the meaning of 11 U.S.C. § 101(54) (7056-1 statement ¶ 15a & b; Mot. for

Partial Summ. J. Ex. C, Exs. A & B); (2) at the time the Defendants received each transfer,

they were creditors of the Plaintiffs (7056-1 statement ¶ 15c); (3) the Plaintiffs were

insolvent at the time of each transfer or became insolvent as a result thereof (*Id.* ¶ 15d); (4)

---

[9] The 7056-1 statement incorrectly references March 23, 2005 as the date on which the Plaintiffs filed the complaint.

[10] The Plaintiffs' 7056-1 statement incorrectly references August 7, 2005 as the date on which the Defendants filed their answer to the complaint.

[11] In their 7056-1 statement, the Plaintiffs have inadvertently styled two paragraphs as paragraph 13.

[12] As noted *supra*, Jansen filed a motion to withdraw the admissions and seeks leave to file a response to the request for admissions.

[13] The Plaintiffs provided two lists of checks made by them to the various Defendants. (Mot. for Partial Summ. J. Ex. C, Exs. A & B.) The Plaintiffs did not furnish copies of the checks themselves, nor did they indicate the amounts of those checks. Thus, the Court cannot determine the sum total of the checks that make up the transfers.

-21-

each of the transfers was made by the Plaintiffs to reduce or satisfy debts owed by the

Plaintiffs to the Defendants (*Id.* ¶ 15e); (5) the transfers enabled the Defendants to receive

more than they would have received if the cases were under Chapter 7 of the Bankruptcy

Code, the transfers had not been made, and the Defendants had received payment of the debt

to the extent provided by the provisions of the Code (*Id.* ¶¶ 15f & g); (6) the Defendants were

not secured creditors of the Plaintiffs during the ninety days preceding the filing of the

bankruptcy cases (*Id.* ¶ 15h); (7) the transfers made by the Plaintiffs to the Defendants were

for or on account of an antecedent debt owed by the Plaintiffs before such transfers were

made (*Id.* ¶ 15i); (8) other than the insolvency element under 11 U.S.C. § 547(b)(3), all

elements pursuant to 11 U.S.C. § 547(b) are satisfied (*Id.* ¶ 15j);[14] (9) the Defendants did not

extend new value (*Id.* ¶ 15k); (10) the ordinary course of business exception pursuant to 11

U.S.C. § 547(c)(2) does not apply to any of the transfers made to the Defendants (*Id.* ¶ 15l);

(11) none of the transfers was made as a contemporaneous exchange for new value under 11

U.S.C. § 547(c)(1) (*Id.* ¶ 15m); (12) at the time the transfers were received, the Defendants

were directors and officers of the Plaintiffs (*Id.* ¶¶ 15n & o); and (13) at the time the transfers

were received, the Defendants were insiders of the Plaintiffs within the meaning of 11 U.S.C.

§ 101(31) (*Id.* ¶ 15p).

---

[14] It is unclear why the Plaintiffs state that all elements other than the insolvency issue have been satisfied when the Defendants previously admitted that the Plaintiffs were insolvent at the time of each transfer or became insolvent as a result thereof. *See* 7056-1 statement ¶ 15d.

-22-

### 3. Count I of the Complaint--11 U.S.C. § 547(b)

A trustee, or in this case the Plaintiffs, acting under 11 U.S.C. § 1107(a), may avoid

certain preferential transfers made from a debtor's estate before the debtor filed a bankruptcy

petition. *See* 11 U.S.C. § 547(b). Specifically, § 547(b) provides as follows:

> (b) Except as provided in subsection (c) of this section, the
> trustee may avoid any transfer of an interest of the debtor in
> property--
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debt
>> owed by the debtor before such transfer was
>> made;
>> (3) made while the debtor was insolvent;
>> (4) made--
>>> (A) on or within 90 days
>>> before the date of the filing of
>>> the petition; or
>>> (B) between ninety days and
>>> one year before the date of the
>>> filing of the petition, if such
>>> creditor at the time of such
>>> transfer was an insider; and
>> (5) that enables such creditor to receive more
>> than such creditor would receive if--
>>> (A) the case were a case under
>>> chapter 7 of this title;
>>> (B) the transfer had not been
>>> made; and
>>> (C) such creditor received
>>> payment of such debt to the
>>> extent provided by the
>>> provisions of this title.

11 U.S.C. § 547(b).

-23-

Accordingly, § 547(b) provides that any transfer[15] of an interest of the debtor in property may be avoided if the transfer meets five requirements: (1) it is made to or for the benefit of a creditor; (2) it is made for or on account of an antecedent debt owed by the debtor; (3) it was made while the debtor was insolvent; (4) it was made on or within 90 days before the date of the filing of the petition; and (5) it enables the creditor to receive more than such creditor would have received if the case were a case under Chapter 7, the transfer had not been made, and the creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. 11 U.S.C. § 547(b); *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 564 (7th Cir. 2001); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1171 (7th Cir. 1996).

The moving party has the burden of proof to establish all elements of § 547(b) by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *In re Jones*, 226 F.3d 917, 921 (7th Cir. 2000) (*citing In re Badger Lines, Inc.*, 140 F.3d 691, 698 (7th Cir. 1998)). The Bankruptcy Code presumes the debtor to be insolvent, as a matter of law, during the 90 days prior to the bankruptcy petition filing date. 11 U.S.C. § 547(f); *see also Barash v. Pub. Fin. Corp.*, 658 F.2d 504, 507 (7th Cir. 1981). This presumption requires the defendant to present rebuttal evidence, but it does not relieve the plaintiff of the ultimate burden of proof on the third element to establish a prima facie case under § 547(b). *See In re Taxman Clothing Co.*, 905 F.2d 166, 168 (7th Cir. 1990).

---

[15] The Bankruptcy Code's definition of a transfer is "expansive," *Barnhill v. Johnson*, 503 U.S. 393, 400 (1992), and encompasses "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property. . . ." 11 U.S.C. § 101(54).

-24-

The power to avoid preferential transfers is designed to further the Bankruptcy Code's central policy of equality of distribution: "creditors of equal priority should receive pro rata shares of the debtor's property." *Begier v. IRS*, 496 U.S. 53, 58 (1990). "Additionally, by preventing the debtor from favoring certain creditors over others and by ensuring an equal distribution, the preference provision helps reduce 'the incentive to rush to dismember a financially unstable debtor.'" *Warsco*, 258 F.3d at 564 (*quoting In re Smith*, 966 F.2d 1527, 1535 (7th Cir. 1992)). "The purpose of allowing preferential transfers to be set aside is to prevent debtors who are tottering toward bankruptcy from playing favorites among their creditors, trying to keep alive a little longer by placating the most importunate ones." *In re Freedom Group, Inc.*, 50 F.3d 408, 410 (7th Cir. 1995).

### 4. Count II of the Complaint–11 U.S.C. § 548

"Fraudulent conveyance law protects creditors from last-minute diminutions of the pool of assets in which they have interests." *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 892 (7th Cir. 1988). A trustee, or in this case the Plaintiffs, acting under § 1107(a), may avoid certain fraudulent transfers made from a debtor's estate before the debtor filed a bankruptcy petition. *See* 11 U.S.C. § 548(a)(1). Section 548(a)(1) of the Bankruptcy Code provides as follows:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily–
>> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was

-25-

or became, on or after the date that such
transfer was made or such obligation was
incurred, indebted; or

(B)(i) received less than a reasonably
equivalent value in exchange for such transfer
or obligation; and

> (ii)(I) was insolvent on the
> date that such transfer was
> made or such obligation was
> incurred, or became insolvent
> as a result of such transfer or
> obligation;
>
> (II) was engaged in business or
> a transaction, or was about to
> engage in business or a
> transaction, for which any
> property remaining with the
> debtor was an unreasonably
> small capital; or
>
> (III) intended to incur, or
> believed that the debtor would
> incur, debts that would be
> beyond the debtor's ability to
> pay as such debts matured.

11 U.S.C. § 548(a)(1).

A cause of action under § 548(a)(1)(A) is commonly referred to as "actual fraud"
because of the element of the debtor's actual intention to hinder, delay, or defraud creditors.
*In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1394 (7th Cir. 1996). A cause of action under §
548(a)(1)(B) is often referred to as "constructive fraud" because it omits any element of
intent. *Id.* One decision has described the differences between the two causes of action
under § 548(a)(1) as follows:

> The focus in the inquiry into actual intent is on the state of
> mind of the debtor. Neither malice nor insolvency [is]
> required. Culpability on the part of the . . . transferees is not
> essential.

-26-

> Unlike constructively fraudulent transfers, the adequacy or equivalence of consideration provided for the actually fraudulent transfer is not material to the question whether the transfer is actually fraudulent. . . . Conversely, the transferor's intent is immaterial to the constructively fraudulent transfer in which the issue is the equivalence of the consideration coupled with either insolvency, or inadequacy of remaining capital, or inability to pay debts as they mature.

*Plotkin v. Pomona Valley Imps., Inc. (In re Cohen)*, 199 B.R. 709, 716-17 (B.A.P. 9th Cir. 1996). Here, the Plaintiffs have not specifically alleged actual fraud under § 548(a)(1)(A) or constructive fraud under § 548(a)(1)(B) either in their complaint or in their motion for partial summary judgment. The Court will not speculate as to which theory the Plaintiffs seek recovery.

Badges of fraud, the existence of which can be used to infer actual intent to defraud under § 548(a)(1)(A), include the following: (1) absconding with the proceeds of the transfer immediately after their receipt; (2) absence of consideration when the transferor and transferee know that outstanding creditors will not be paid; (3) a huge disparity in value between the property transferred and the consideration received; (4) the fact that the transferee is or was an officer, agent, or creditor of an officer of the corporate transferor; (5) insolvency of the debtor; and (6) the existence of a special relationship between the debtor and the transferee. *Carmel v. River Bank Am. (In re FBN Food Servs., Inc.)*, 185 B.R. 265, 275 (N.D. Ill. 1995), *aff'd*, 82 F.3d 1387 (7th Cir. 1996).

In order to establish a fraudulent conveyance under § 548(a)(1)(B), the movant must prove the following elements: (1) a transfer of the debtor's property or interest therein; (2) made within one year of the filing of the bankruptcy petition; (3) for which the debtor received less than a reasonably equivalent value in exchange for the transfer; and (4) either

-27-

(a) the debtor was insolvent when the transfer was made or was rendered insolvent thereby; or (b) the debtor was engaged or about to become engaged in business or a transaction for which its remaining property represented an unreasonably small capital; or (c) the debtor intended to incur debts beyond its ability to repay them as they matured. *Dunham v. Kisak*, 192 F.3d 1104, 1109 (7th Cir. 1999); *Wieboldt Stores, Inc. v. Schottenstein*, 94 B.R. 488, 505 (N.D. Ill. 1988); *Barber v. Dunbar (In re Dunbar)*, 313 B.R. 430, 434 (Bankr. C.D. Ill. 2004). The movant must prove each element by a preponderance of the evidence. *Frierdich v. Mottaz*, 294 F.3d 864, 867 (7th Cir. 2002); *Baldi v. Lynch (In re McCook Metals, L.L.C.)*, 319 B.R. 570, 587 (Bankr. N.D. Ill. 2005).

### 5. Partial Summary Judgment as to Granet, Baytree, Miller, Verbius, and Talcott

The Plaintiffs seek summary judgment against Granet, Baytree, Miller, Verbius, and Talcott on the § 547(b) and § 548 causes of action under Counts I and II of the complaint, respectively.

First, with respect to § 547(b), the Court finds that the Plaintiffs have demonstrated the requisite elements under § 547(b) via the deemed admissions pursuant to the unanswered requests to admit. The Court further finds that the transfers are avoidable preferential transfers under § 547(b). Specifically, the Plaintiffs have demonstrated that the transfers were to or for the benefit of the Defendants; that the transfers were for or on account of an antecedent debt owed by the Plaintiffs before such transfers were made; that the transfers were made while the Plaintiffs were insolvent; that the transfers were made on or within 90 days before the date of the filing of the bankruptcy petitions; and that the transfers enabled the Defendants to receive more than they would have received if the case were a case under

-28-

Chapter 7, the transfers had not been made, and the Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. Moreover, the Defendants admitted that they do not have any valid defenses to the preferential transfers. In particular, the Defendants admitted that they did not extend new value, that the ordinary course of business defense does not apply to any of the transfers, and that none of the transfers was made as a contemporaneous exchange for new value.

Accordingly, the Court grants summary judgment on Count I of the complaint against Granet, Baytree, Miller, Verbius, and Talcott. The Court finds that the transfers are avoidable preferential payments under § 547(b).

The Court is unable, however, to quantify the exact amounts of the preferential transfers. This is because the Plaintiffs failed to supply copies of the checks or provide the Court with the amounts of those checks. *See* note 11 *supra.* While the complaint does reference the figure of $58,650.00, it too fails to contain copies of the checks or the precise amounts thereof from which the Court can verify this sum.

Finally, with respect to Count II, the Court denies the Plaintiffs' motion for partial summary judgment. The Plaintiffs contend that because Granet, Baytree, Miller, Verbius, and Talcott failed to respond to the motion, "this Court must grant [P]laintiffs [sic] motion for partial summary judgment, as to Count [sic] I and II against these [D]efendants." (Pls.' Reply to Defs.' Resp. to Mot. for Partial Summ. J. at p. 2, ¶ 1.) Unfortunately for the Plaintiffs, they could not be more wrong. The Court is obliged to enter summary judgment in favor of a movant if two conditions are met: (1) no material issues of fact exist, and (2) the movant demonstrates that it is entitled to judgment as a matter of law. FED. R. CIV. P.

-29-

56(c). The Plaintiffs have failed to satisfy both of these prerequisites to the entry of summary judgment.

First, the Plaintiffs have not set forth which subsection of § 548(a)(1) they seek to proceed under. While this procedural failure is not necessarily fatal to their motion, the Court should not be required to guess whether the Plaintiffs are alleging actual fraud, constructive fraud, or both. More importantly, the 7056-1 statement fails to show that there are no material issues of disputed fact and that the Plaintiffs are entitled to judgment as a matter of law. Neither the 7056-1 statement nor the memorandum in support of the motion makes reference to any of the requisite elements under § 548(a)(1), including whether the Defendants intended to hinder, delay, or defraud the Plaintiffs, whether the transfers were made within one year of the bankruptcy filings, and whether the Defendants received less than a reasonably equivalent value in exchange for the transfers. In fact, the memorandum in support of the motion mentions only § 547(b). There are no references whatsoever to § 548(a)(1). The Court is not charged with the burden of sifting through the record to make out a prima facie case for a movant. As the Seventh Circuit Court of Appeals has stated, "'[j]udges are not like pigs, hunting for truffles buried in' the record." *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The Plaintiffs have the burden to demonstrate that all necessary elements have been met in order for the Court to determine that the transfers were fraudulent pursuant to § 548(a)(1), and they have not met that burden. Because of the Plaintiffs' shortcomings, the Court is unable to grant summary judgment in their favor and against the Defendants under Count II of the complaint.

-30-

## 6. Partial Summary Judgment as to Jansen

With respect to Count I of the complaint, the Plaintiffs' motion is grounded on Jansen's default admissions. In addition, the facts in the 7056-1 statement, which have been deemed admitted, utilize the default admissions as the basis to establish the requisite elements of the § 547(b) cause of action. Because the Court has allowed Jansen's motion to withdraw the default admissions, the motion for partial summary judgment must be denied. There are genuine issues of material fact as to the § 547(b) cause of action, including whether the transfers were made to or for the benefit of Jansen; whether those transfers were for or on account of an antecedent debt owed by the Plaintiffs before such transfers were made; whether the transfers were made while the Plaintiffs were insolvent; whether the transfers were made on or within 90 days before the date of the filing of the bankruptcy petitions; and whether those transfers enabled Jansen to receive more than he would have received if the cases were cases under Chapter 7, the transfers had not been made, and Jansen received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. Furthermore, even if the Plaintiffs were able to establish all of these elements, Jansen may have a valid defense under § 547(c) to the alleged preferential transfers.

Next, with respect to Count II of the complaint, the Plaintiffs contend that the default admissions establish a prima facie case under § 548(a)(1). The Plaintiffs are mistaken. The default admissions do not address all of the necessary elements for alleged fraudulent conveyances. Moreover, the 7056-1 statement fails to establish the necessary elements under § 548(a)(1) to demonstrate a prima facie cause of action. For the reasons articulated *supra*

-31-

with respect to the other Defendants, the Court denies the Plaintiffs' motion for summary judgment under Count II of the complaint as to Jansen.

In sum, genuine issues of material fact exist with respect to both the alleged preferential transfers and the alleged fraudulent conveyances. Accordingly, the Plaintiffs have not demonstrated that there are no material issues of disputed fact and that, as a matter of law, they are entitled to summary judgment. Thus, the Court denies the Plaintiffs' motion for partial summary judgment with respect to Jansen as to Counts I and II of the complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Jansen's motion to withdraw his admissions and allows him to file a response to the Plaintiffs' request for admissions. That response must be filed within ten days hereof. In addition, the Court denies the Plaintiffs' motion for partial summary judgment with respect to Jansen under Counts I and II of the complaint. The Court grants the motion for partial summary judgment on Count I of the complaint against Granet, Baytree, Miller, Verbius, and Talcott. The Court finds that the transfers are avoidable preferential transfers under § 547(b). Finally, the Court denies the motion for partial summary judgment with respect to Count II of the complaint as to Granet, Baytree, Miller, Verbius, and Talcott. A pretrial conference has been set in this matter for March 7, 2006 at 9:00 a.m.

-32-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: _____3/2/6_____

_____
John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Fetla's Trading Post, Inc. v. Granet et al
#### Adversary No. 05 A 00926

Rodney C. Bashford, Esq.
Williams Montgomery & John Ltd.
20 N. Wacker Drive, Suite 2100
Chicago, IL 60606

Richard N. Golding, Esq.
Weinberg, Richmond LLP
333 W. Wacker Drive, Suite 1800
Chicago, IL 60606

Arthur G. Simon, Esq.
Crane, Heyman, Simon, Welch &
Clar
135 S. LaSalle Street, Suite 3705
Chicago, IL 60603

William T. Neary, United States
Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

AO 72A
(Rev. 8/82)