# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>FETLA'S TRADING POST, INC., an<br>Indiana corporation,<br><br>    Debtor. | ) Bankruptcy No. 04 B 12235<br>) Chapter 11<br>)<br>)<br>)<br>) |
| IN RE:<br><br>FTP HOLDINGS CO., INC., an Illinois<br>corporation,<br><br>    Debtor. | ) Bankruptcy No. 04 B 12231<br>) Chapter 11<br>)<br>) Judge John H. Squires<br>) Jointly Administered<br>) |
| FETLA'S TRADING POST, INC., an<br>Indiana corporation, f/k/a FETLA'S<br>TRADING COMPANY, INC., a debtor-<br>in-possession, and FTP HOLDINGS CO.,<br>INC., a debtor-in-possession,<br><br>    Plaintiffs.<br><br>    v.<br><br>GILBERT GRANET, individually and as<br>agent, officer, shareholder, director, and/or<br>employee of Baytree Investors, Inc., an<br>Illinois corporation; BAYTREE<br>INVESTORS, INC., an Illinois<br>corporation; RHONA MILLER,<br>individually and as agent, officer,<br>shareholder, director, and/or employee of<br>Verbius Holdings Co., Inc., an Illinois<br>corporation; VERBIUS HOLDINGS CO.,<br>INC., an Illinois corporation;<br>CHRISTOPHER A. JANSEN,<br>individually and as a shareholder of<br>Talcott Financial Corporation, an<br>involuntarily dissolved Illinois<br>corporation; and TALCOTT FINANCIAL<br>CORPORATION, an involuntarily<br>dissolved Illinois corporation,<br><br>    Defendants. | ) Adversary No. 05 A 00926<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

-2-

## MEMORANDUM OPINION

These matters come before the Court on the renewed motion of plaintiffs Fetla's

Trading Post, Inc. and FTP Holdings Co., Inc. (collectively the "Plaintiffs" and individually

"Fetla's Trading Post" and "FTP Holdings") for partial summary judgment pursuant to

Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56 on

Count I of their complaint seeking relief against defendant Christopher A. Jansen ("Jansen"),

and on the renewed motion of the Plaintiffs for entry of default judgment and attorney's fees

pursuant to Federal Rule of Civil Procedure 37(d) against Jansen, Gilbert Granet ("Granet"),

Baytree Investors, Inc. ("Baytree"), Rhona Miller ("Miller"), Verbius Holdings Co., Inc.

("Verbius"), and Talcott Financial Corporation ("Talcott") (collectively the "Defendants").[1]

For the reasons set forth herein, the Court grants the Plaintiffs' motion for partial

summary judgment on Count I of the complaint against Jansen. In addition, the Court grants

default judgment against the Defendants under Counts II, III, and IV of the complaint. The

Court declines to grant default judgment under Counts V through VIII which are non-core

related causes of action. Instead, the Court strikes all of the pleadings filed by the

Defendants in this matter and finds that the Defendants are in default under Counts V

through VIII of the complaint. Further, the Court declines to award the Plaintiffs their

attorney's fees. This matter has been previously set for trial, and the Court finds that the

---

[1] The Plaintiffs styled their motion for default judgment and attorney's fees as "renewed." A similar motion for default judgment and attorney's fees was filed on December 21, 2005 and has not yet been decided by the Court. This Memorandum Opinion will dispose of both motions.

-3-

Final Pretrial Order remains in full force and effect for prove-up of the Plaintiffs' claimed damages and other relief prayed for in the complaint.

## I.  JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

## II.  FACTS AND BACKGROUND

On March 29, 2004, Fetla's Trading Post and FTP Holdings filed voluntary Chapter 11 bankruptcy petitions. On March 15, 2005, the Plaintiffs filed this adversary proceeding against the Defendants. The eight-count complaint alleges that the Defendants engaged in a variety of acts that improperly diverted money from the Plaintiffs. Specifically, the complaint alleges the following causes of action against the Defendants: (1) preferential payments pursuant to 11 U.S.C. § 547(b); (2) fraudulent transfers under 11 U.S.C. § 548; (3) fraudulent conveyances pursuant to Illinois law, 740 ILCS 160/6(a); (4) fraudulent transfers under Indiana law, IND. CODE 32-18-2 et seq.; (5) breach of fiduciary duty under Indiana law; (6) breach of fiduciary duty pursuant to Illinois law; (7) misappropriation of corporate assets under Illinois law; and (8) civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68. The Defendants filed an answer that effectively denies liability under all of the various counts of the complaint.

-4-

On August 16, 2005, the Plaintiffs served upon the Defendants interrogatories, requests for production of documents, and requests for admission of facts. The Defendants did not respond. By virtue of the Defendants' failure to respond to the request for admissions, those admissions were deemed admitted. *See* FED. R. CIV. P. 36(a). Thereafter, on November 30, 2005, based on those admissions, the Plaintiffs filed a motion for partial summary judgment with respect to Counts I and II of the instant complaint. Jansen was the only defendant to acknowledge that the motion had been filed. On January 13, 2006, Jansen filed a motion to withdraw the admissions and for leave to file a response to the request for admissions.

On March 2, 2006, the Court issued a Memorandum Opinion wherein it granted partial summary judgment against Granet, Baytree, Miller, Verbius, and Talcott under Count I of the complaint and denied summary judgment under Count II against all of the Defendants. *Fetla's Trading Post, Inc. v. Granet (In re Fetla's Trading Post, Inc.)*, Bankr. Nos. 04 B 12235, 04 B 12231, Adv. No. 05 A 00926, 2006 WL 538802 at *13 (Bankr. N.D. Ill. Mar. 2, 2006). In addition, the Court granted Jansen's motion to withdraw his default admissions and allowed him to file a response to the requests for admission by March 12, 2006. *Id.* at *5. As a result of allowing Jansen to withdraw the default admission, the Court denied summary judgment as to Jansen under Count I of the complaint. *Id.* at *14. Jansen failed to file his response to the request for admissions by the Court-ordered date.

On April 11, 2006, Granet, Miller, and Jansen filed a document entitled "Objections to Answering Interrogatories Propounded by the Plaintiff" [sic] wherein they made a blanket assertion of the Fifth Amendment privilege against self-incrimination. Thereafter, on April

-5-

17, 2006, Granet and Miller filed responses to the request for admissions, the request for

production of documents, the first interrogatories, and the supplemental interrogatories and

production requests which asserted the Fifth Amendment. Aside from asserting the Fifth

Amendment with respect to the interrogatories, Jansen has not responded to the outstanding

discovery requests, including the request for admissions. To date, Baytree, Verbius, and

Talcott have not filed responses to the discovery requests.[2]

## III. DISCUSSION

### A. Plaintiffs' Motion for Partial Summary Judgment Against Jansen Under Count I of the Complaint

The Plaintiffs seek partial summary judgment against Jansen under Count I of the

complaint based upon his failure to answer the requests to admit. According to the Plaintiffs,

Jansen's failure to respond entitles them to summary judgment because there are no genuine

issues of material fact and as a matter of law they are entitled to a judgment. Jansen was

afforded an opportunity by the Court to respond to the requests to admit–he has failed to do

---

[2] The Plaintiffs filed a document entitled "Plaintiffs' Reply in Opposition to Defendants' Expected Objections to the Corporate Defendants Answering Discovery." Therein, the Plaintiffs maintain that their attorney had a conversation with the Defendants' attorney in which counsel for the Defendants informed counsel for the Plaintiffs that the corporate Defendants–Baytree, Verbius, and Talcott–intend to assert the Fifth Amendment in response to the outstanding discovery requests. (Pls.' Reply in Opposition to Defs.' Expected Objections to the Corporate Defs. Answering Discovery ¶ 5.) The Plaintiffs cite to several cases for the proposition that the corporate Defendants are prohibited from asserting the Fifth Amendment privilege against self-incrimination. The Plaintiffs are correct; the United States Supreme Court has held that artificial legal entities cannot invoke the Fifth Amendment. *Braswell v. United States*, 487 U.S. 99, 102 (1988). Nevertheless, Baytree, Verbius, and Talcott have not asserted the Fifth Amendment as of this date. Thus, the Plaintiffs' pleading was unnecessary.

-6-

so. In addition, Jansen failed to respond to the instant motion for partial summary judgment. This inaction proves fatal to Jansen.

### 1. Applicable Summary Judgment Standards

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c); *see also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir. 1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmen's Fed. Savs. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998). On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted).

-7-

Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.) (internal quotation omitted), *cert. denied*, 126 S. Ct. 746 (2005).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van*

-8-

*Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

Rule 56(d)[3] provides for the situation when judgment is not rendered upon the whole

---

[3] Rule 56(d) provides as follows:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

FED. R. CIV. P. 56(d).

matter, but only a portion thereof. The relief sought pursuant to subsection (d) is styled partial summary judgment. Partial summary judgment is available to dispose of one or more counts of a complaint in their entirety. *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awning Co.*, 266 F.2d 200, 201 (7th Cir. 1959); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216-17 (7th Cir. 1946); *Quintana v. Byrd*, 669 F. Supp. 849, 850 (N.D. Ill. 1987); *Strandell v. Jackson County, Ill.*, 648 F. Supp. 126, 136 (S.D. Ill. 1986); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F. Supp. 506, 509 (N.D. Ill. 1985); *Capitol Records, Inc. v. Progress Record Distrib. Inc.*, 106 F.R.D. 25, 28 (N.D. Ill. 1985); *In re Network 90 Degrees, Inc.*, 98 B.R. 821, 831 (Bankr. N.D. Ill. 1989). Rule 56(d) provides a method whereby a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56. *Capitol Records*, 106 F.R.D. at 29.

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.

Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the movant to supplement the motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that

-10-

paragraph. Failure to submit such a statement constitutes grounds for denial of the motion."
Local Bankr.R. 7056-1B.

As required, the Plaintiffs filed a 7056-1 statement[4] that complies with the Local
Rule. It includes numbered paragraphs outlining undisputed material facts along with
specific references to supporting exhibits. The Plaintiffs have attached a copy of the
complaint in this matter, the Defendants' answer to the complaint, and a partial copy of the
request for admissions served upon the Defendants.

The party opposing a summary judgment motion is required by Local Bankruptcy
Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph
by paragraph, and to set forth any material facts that would require denial of summary
judgment, specifically referring to the record for support of each denial of fact. Local
Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph
in the moving party's statement" and to make "specific references to the affidavits, parts of
the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a).
Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the
moving party will be deemed to be admitted unless controverted by the statement of the
opposing party." Local Bankr.R. 7056-2B.

For reasons unknown to the Court, Jansen elected not to file a response to the
Plaintiffs' 7056-1 statement. This seems to be a pattern for Jansen as he failed to file a

---

[4] The Plaintiffs incorrectly styled their 7056-1 statement a "Local Rule 56.1(a)(3)
statement." Local Rule 56.1 is found in the Local Rules of the United States District Court
for the Northern District of Illinois. Those rules do not apply to bankruptcy matters. Rather,
the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois
govern here.

-11-

response to the Plaintiffs' 7056-1 statement when they filed their first motion for partial summary judgment on November 30, 2005. *See Fetla's Trading Post*, 2006 WL 538802 at *7. The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir. 1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277-78 (7th Cir. 1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir. 1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240-41 (7th Cir. 1991). Compliance with Local Bankruptcy Rules 7056-1 and 7056-2 is not a mere technicality. Courts rely greatly on the information in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *Am. Ins. Co. v. Meyer Steel Drum, Inc.*, No. 88 C 0005, 1990 WL 92882, at *7 (N.D. Ill. June 27, 1990). The statements required by Local Rule 7056 are not merely superfluous abstracts of evidence. Rather, they

> are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Because Jansen failed to comply with Local Rule 7056-2, all material facts in the Plaintiffs' 7056-1 statement are deemed admitted and are set forth in Section III.A.2 *infra* of the instant Memorandum Opinion.

-12-

### 2. Undisputed Facts

The following facts are undisputed or, as discussed *supra*, have been deemed admitted pursuant to Local Bankruptcy Rule 7056-2B. Fetla's Trading Post is an Indiana corporation. (7056-1 statement ¶ 1.) FTP Holdings is an Illinois corporation. (*Id.* ¶ 2.) Granet is an officer, director, and shareholder of Baytree and Verbius. (*Id.* ¶ 8v.) Miller is an officer and director of Verbius and the wife of Granet. (*Id.* ¶ 8vi.) She was also FTP Holdings' bookkeeper. (*Id.* ¶ 8viii.) Jansen is an officer, director, and shareholder of Baytree and a business partner of Granet. (*Id.* ¶ 8vii.)

Prior to September of 2000, Granet, Jansen, Baytree, and Talcott brokered a deal to purchase Fetla's Trading Post, which included Granet and Jansen operating Fetla's Trading Post on behalf of the investors.[5] (*Id.* at ¶ 8ii.) On September 14, 2000, Granet and Jansen formed FTP Holdings for the purpose of holding shares of Fetla's Trading Post. (*Id.* ¶ 8iii.) The record is silent with respect to the time period from September 2000 to the filing of the bankruptcy petitions by the Plaintiffs on March 29, 2004.[6]

---

[5] The Plaintiffs refer to "Investors," but fail to explain who these investors are.

[6] The Plaintiffs seek recovery of alleged preferential transfers, yet they fail to describe or even mention the particulars of these transfers in their 7056-1 statement.

-13-

On March 15, 2005,[7] the Plaintiffs filed the instant eight-count complaint against the Defendants. (*Id.* ¶ 6.) On July 8, 2005,[8] the Defendants filed an answer to the complaint. (*Id.* ¶ 7.) Subsequently, on August 16, 2005, the Plaintiffs served upon the Defendants discovery requests, including a request for admissions. (*Id.* ¶ 9 & Ex. C.) The Defendants were required to respond to the discovery by September 16, 2005. (7056-1 statement ¶ 10.) Granet, Miller, Verbius, Baytree, and Talcott failed to respond to the request for admissions. (*Id.*) Based upon that inaction, on March 2, 2006, the Court granted the Plaintiffs' motion for partial summary judgment pursuant to Count I of the complaint against Granet, Miller, Verbius, Baytree, and Talcott. (*Id.*; *Fetla's Trading Post*, 2006 WL 538802 at *13.)

The Court denied the motion for partial summary judgment under Count I as to Jansen, granted his motion to withdraw the default admissions, and ordered him to file a response to the request for admissions by March 12, 2006. (7056-1 statement ¶ 10; *Fetla's Trading Post*, 2006 WL 538802 at *5, *14.) Jansen failed to file a response by that date. Instead, on April 11, 2006, he filed an objection to answering the interrogatories wherein he

---

[7] The 7056-1 statement incorrectly references March 23, 2005 as the date on which the Plaintiffs filed the complaint. The Plaintiffs made the same mistake in their first motion for partial summary judgment which the Court pointed out and corrected in its Memorandum Opinion. *Fetla's Trading Post*, 2006 WL 538802 at *9 n.9. Clearly, the Plaintiffs failed to make note of their error.

[8] The Plaintiffs' 7056-1 statement incorrectly references August 7, 2005 as the date on which the Defendants filed their answer to the complaint. The Plaintiffs also made this mistake in their first motion for partial summary judgment. Once again, the Court noted the Plaintiffs' error in its Memorandum Opinion. *Fetla's Trading Post*, 2006 WL 538802 at *9 n.10. The Court expects the parties to thoroughly read its decisions and to correct all errors that the Court has pointed out in any subsequent motions, such as the one at bar.

-14-

invoked the Fifth Amendment privilege against self-incrimination without any factual support to show why or how his answers might tend to incriminate him.[9]

As a result of Jansen's failure to respond to the request for admissions, those admissions are deemed admitted under Federal Rule of Civil Procedure Rule 36(a). Accordingly, Jansen has admitted to the following material facts as they relate to Count I of the complaint: (1) the Plaintiffs made transfers[10] directly to Jansen or for his benefit within the meaning of 11 U.S.C. § 101(54) (7056-1 statement ¶¶ 11a & b); (2) at the time Jansen received each transfer, he was a creditor of the Plaintiffs (*Id.* ¶ 11c); (3) the Plaintiffs were insolvent at the time of each transfer or became insolvent as a result thereof (*Id.* ¶ 11d); (4) each of the transfers was made by the Plaintiffs to reduce or satisfy debts owed by the Plaintiffs to Jansen (*Id.* ¶ 11e); (5) the transfers enabled Jansen to receive more than he would have received if the cases were under Chapter 7 of the Bankruptcy Code, the transfers had not been made, and Jansen had received payment of the debt to the extent provided by the provisions of the Code (*Id.* ¶¶ 11f & g); (6) Jansen was not a secured creditor of the Plaintiffs during the ninety days preceding the filing of the bankruptcy cases (*Id.* ¶ 11h); (7) the transfers made by the Plaintiffs to Jansen were for or on account of an antecedent debt owed by the Plaintiffs before such transfers were made (*Id.* ¶ 11i); (8) other than the insolvency element under 11 U.S.C. § 547(b)(3), all elements pursuant to 11 U.S.C. § 547(b)

---

[9]   As discussed *infra* in Section III.B.1, the Court finds such filing improper and untimely.

[10]   The Plaintiffs reference two lists of checks made by them to the various Defendants, including Jansen. (7056-1 statement ¶¶ 11a & b.) The Plaintiffs did not furnish copies of the lists, copies of the checks themselves, nor did they indicate the amounts of those checks. Thus, the Court cannot determine the sum total of the checks that make up the transfers.

-15-

are satisfied (*Id.* ¶ 11j);[11] (9) Jansen did not extend new value (*Id.* ¶ 11k); (10) the ordinary

course of business exception codified at 11 U.S.C. § 547(c)(2) does not apply to any of the

transfers made to Jansen (*Id.* ¶ 11l); (11) none of the transfers was made as a

contemporaneous exchange for new value under 11 U.S.C. § 547(c)(1) (*Id.* ¶ 11m); (12) at

the time the transfers were received, Jansen was a director and officer of the Plaintiffs (*Id.*

¶¶ 11n & o); and (13) at the time the transfers were received, Jansen was an insiders of the

Plaintiffs within the meaning of 11 U.S.C. § 101(31) (*Id.* ¶ 11p).

### 3. Count 1 of the Complaint–11 U.S.C. § 547(b)

A trustee, or in this case the Plaintiffs, acting under 11 U.S.C. § 1107(a), may avoid

certain preferential transfers made from a debtor's estate before the debtor filed a bankruptcy

petition. *See* 11 U.S.C. § 547(b). Specifically, § 547(b) provides as follows:

> (b) Except as provided in subsection (c) of this section, the
> trustee may avoid any transfer of an interest of the debtor in
> property–
> > (1) to or for the benefit of a creditor;
> > (2) for or on account of an antecedent debt
> > owed by the debtor before such transfer was
> > made;
> > (3) made while the debtor was insolvent;
> > (4) made–
> > > (A) on or within 90 days
> > > before the date of the filing of
> > > the petition; or

---

[11] It is unclear why the Plaintiffs state that all elements other than the insolvency
issue have been satisfied when Jansen previously admitted that the Plaintiffs were insolvent
at the time of each transfer or became insolvent as a result thereof. *See* 7056-1 statement ¶
11d.

-16-

> (B) between ninety days and
> one year before the date of the
> filing of the petition, if such
> creditor at the time of such
> transfer was an insider; and
> (5) that enables such creditor to receive more
> than such creditor would receive if–
>> (A) the case were a case under
>> chapter 7 of this title;
>> (B) the transfer had not been
>> made; and
>> (C) such creditor received
>> payment of such debt to the
>> extent provided by the
>> provisions of this title.

11 U.S.C. § 547(b).

Accordingly, § 547(b) provides that any transfer[12] of an interest of the debtor in property may be avoided if the transfer meets five requirements: (1) it is made to or for the benefit of a creditor; (2) it is made for or on account of an antecedent debt owed by the debtor; (3) it was made while the debtor was insolvent; (4) it was made on or within 90 days before the date of the filing of the petition; and (5) it enables the creditor to receive more than such creditor would have received if the case were a case under Chapter 7, the transfer had not been made, and the creditor received payment of such debt to the extent provided by the provisions of the Code. 11 U.S.C. § 547(b); *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 564 (7th Cir. 2001); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1171 (7th Cir. 1996).

---

[12]   The Bankruptcy Code's definition of a transfer is "expansive," *Barnhill v. Johnson*, 503 U.S. 393, 400 (1992), and encompasses "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property. . . ." 11 U.S.C. § 101(54).

-17-

The moving party has the burden of proof to establish all elements of § 547(b) by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *In re Jones*, 226 F.3d 917, 921 (7th Cir. 2000) (*citing In re Badger Lines, Inc.*, 140 F.3d 691, 698 (7th Cir. 1998)). The Bankruptcy Code presumes the debtor to be insolvent, as a matter of law, during the 90 days prior to the bankruptcy petition filing date. 11 U.S.C. § 547(f); *see also Barash v. Pub. Fin. Corp.*, 658 F.2d 504, 507 (7th Cir. 1981). This presumption requires the defendant to present rebuttal evidence, but it does not relieve the plaintiff of the ultimate burden of proof on the third element to establish a prima facie case under § 547(b). *See In re Taxman Clothing Co.*, 905 F.2d 166, 168 (7th Cir. 1990).

The power to avoid preferential transfers is designed to further the Bankruptcy Code's central policy of equality of distribution: "creditors of equal priority should receive pro rata shares of the debtor's property." *Begier v. IRS*, 496 U.S. 53, 58 (1990). "Additionally, by preventing the debtor from favoring certain creditors over others and by ensuring an equal distribution, the preference provision helps reduce 'the incentive to rush to dismember a financially unstable debtor.'" *Warsco*, 258 F.3d at 564 (*quoting In re Smith*, 966 F.2d 1527, 1535 (7th Cir. 1992)). "The purpose of allowing preferential transfers to be set aside is to prevent debtors who are tottering toward bankruptcy from playing favorites among their creditors, trying to keep alive a little longer by placating the most importunate ones." *In re Freedom Group, Inc.*, 50 F.3d 408, 410 (7th Cir. 1995).

The Court finds that the Plaintiffs have demonstrated the requisite elements under § 547(b) via the deemed admissions pursuant to Jansen's failure to answer the requests to admit. The Court further finds that the transfers are avoidable preferential transfers under

-18-

§ 547(b).  Specifically, the Plaintiffs have demonstrated that the transfers were to or for the benefit of Jansen; that the transfers were for or on account of an antecedent debt owed by the Plaintiffs before such transfers were made; that the transfers were made while the Plaintiffs were insolvent; that the transfers were made on or within 90 days before the date of the filing of the bankruptcy petitions; and that the transfers enabled Jansen to receive more than he would have received if the case were a case under Chapter 7, the transfers had not been made, and Jansen received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.  Moreover, Jansen admitted that he does not have any valid defenses to the preferential transfers.  In particular, he admitted that he did not extend new value, that the ordinary course of business defense does not apply to any of the transfers, and that none of the transfers was made as a contemporaneous exchange for new value.

Accordingly, the Court grants summary judgment on Count I of the complaint against Jansen.  The Court finds that the transfers are avoidable preferential payments under § 547(b).  The Court is unable, however, to quantify the exact amounts of the preferential transfers.  This is because the Plaintiffs failed to supply copies of the checks or provide the Court with the amounts of those checks.  *See* n.10 *supra*.  While the complaint does reference the figure of $58,650.00, it too fails to contain copies of the checks or the precise amounts thereof from which the Court can verify this sum.

**B.    Plaintiffs' Motion for Entry of Default Judgment and Attorney's Fees**

A brief recitation of some of the facts that were set forth *supra* in Section II of the instant Memorandum Opinion is necessary for purposes of the Plaintiffs' motion for default judgment and attorney's fees.  On March 15, 2005, the Plaintiffs filed the instant adversary

-19-

proceeding against the Defendants.    Thereafter, the Defendants were served with interrogatories, production requests, requests for admission of facts, and supplemental interrogatories on August 16, 2005 and August 24, 2005, respectively. (Renewed Mot. of Pls. for Entry of Default J. Exs. A & B.) The Defendants' answers were due on September 24, 2005.  *See* FED. R. CIV. P. 36(a).  The Defendants failed to answer the propounded discovery by that date. (Renewed Mot. of Pls. for Entry of Default J. Ex. B, ¶ 2.) On November 28, 2005, the Plaintiffs presented a motion to the Court to compel the Defendants to answer the discovery.  (*Id.* ¶ 3.)  The Court granted the motion and required the Defendants to answer the discovery by December 12, 2005. (*Id.* Ex. C.)  On that date, the Defendants presented a motion that requested a seven day extension to comply with the Plaintiffs' discovery requests.  The Court granted the Defendants' motion and gave them until December 19, 2005 to answer the discovery. (*Id.* Ex. D.)  Despite this extension, the Defendants did not respond to the discovery requests.  As a result, under Federal Rule of Civil Procedure 36(a), the requests to admit were deemed admitted by all of the Defendants.

Based upon their failure to answer the discovery, on March 2, 2006, the Court issued a Memorandum Opinion wherein it granted partial summary judgment against Granet, Baytree, Miller, Verbius, and Talcott under Count I of the complaint and denied summary judgment under Count II. *Fetla's Trading Post*, 2006 WL 538802 at *13. The Court granted Jansen's motion to withdraw his default admissions and allowed him to file a response to the requests to admit by March 12, 2006. *Id.* at *5. Jansen failed to file his response by that date. On April 11, 2006, Granet, Miller, and Jansen filed objections to answering the interrogatories wherein they made a blanket assertion of the Fifth Amendment privilege

-20-

against self-incrimination. On April 17, 2006, Granet and Miller filed responses to the request for admissions, the request for production of documents, the first interrogatories, and the supplemental interrogatories and production requests wherein they invoked the Fifth Amendment. Except for asserting the Fifth Amendment with respect to the interrogatories, Jansen has not responded to the outstanding discovery requests, including the request for admissions. Baytree, Verbius, and Talcott have not filed responses to any of the discovery requests.

On April 6, 2006, the Plaintiffs filed the instant renewed motion for entry of default judgment and attorney's fees. The Plaintiffs fail to set forth in their motion the specific counts of the complaint under which they seek default judgment. Because the Court previously awarded the Plaintiffs summary judgment under Count I against Granet, Baytree, Miller, Verbius, and Talcott, *Fetla's Trading Post*, 2006 WL 538802 at *13, and granted summary judgment against Jansen under that same Count in the instant Memorandum Opinion, Section III.A.3 *supra*, the Court surmises that the Plaintiffs seek default judgment against the Defendants under the remaining counts–Counts II through VIII. The Court will initially address Granet, Miller, and Jansen's invocation of the Fifth Amendment in response to the Plaintiffs' discovery requests. Thereafter, the Court will discuss whether the Defendants have abused the discovery process and whether that alleged abuse warrants the imposition of sanctions.

### 1. Invocation of the Fifth Amendment in Response to the Discovery Requests

Granet, Miller, and Jansen have invoked the Fifth Amendment privilege against self-incrimination in response to the discovery propounded by the Plaintiffs. The Fifth

-21-

Amendment privilege protects the person asserting the privilege from compelled self-incrimination. *See, e.g., United States v. Doe*, 465 U.S. 605, 610 (1984); *Fisher v. United States*, 425 U.S. 391, 396 (1976). The privilege shields against disclosure of information that could lead to the imposition of formal criminal liability. *Cont'l Baking Co. v. Sacchetta*, No. 91 C 7930, 1992 WL 350656 at * 3 (N.D. Ill. Nov. 24, 1992). A valid assertion of the privilege does not require the pendency of criminal proceedings. *In re Folding Carton Antitrust Litig.*, 609 F.2d 867, 872 (7th Cir. 1979). Moreover, the privilege can be raised in civil proceedings. *Kastigar v. United States*, 406 U.S. 441, 444 (1972).

A valid assertion of the Fifth Amendment privilege exists where a "witness has reasonable cause to apprehend danger [of incrimination] from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951); *see also Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486-87.

A witness must, however, show a real danger and not a mere imaginary, remote, or speculative possibility of prosecution. *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980). As long as a witness can demonstrate any possibility of prosecution which is more than fanciful, a claim of the Fifth Amendment privilege is well taken. *Folding Carton*, 609 F.2d at 871. "[T]he trial court need not take on faith that the answer[s] to the propounded questions may incriminate." *Id.* at 873. The burden of establishing a real danger of prosecution lies with the claimant. *Steinbrecher v. Comm'r*, 712 F.2d 195, 198 (5th Cir.

-22-

1983). Because a witness must have reasonable cause to apprehend danger of incrimination from a direct answer, a blanket assertion of the privilege that fails to indicate the issues with respect to which the witness fears prosecution will not suffice. *See, e.g., Hoffman*, 341 U.S. at 486; *United States v. Goodwin*, 625 F.2d 693, 700-01 (5th Cir. 1980). Accordingly, the privilege must be claimed on a question-by-question basis. *See Hoffman*, 341 U.S. at 486-88.

Furthermore, it is the possibility of prosecution, not the judge's assessment of the likelihood of such prosecution, that establishes a valid claim of the privilege. *In re Corrugated Container Antitrust Litig.*, 661 F.2d 1145, 1150 (7th Cir. 1981), *aff'd sub nom., Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983); *Folding Carton*, 609 F.2d at 872. Thus, an assertion of the privilege is only rejected as a threshold matter when the danger of incrimination demonstrated is not real and appreciable, but only imaginary, remote, and speculative. *In re Connelly*, 59 B.R. 421, 433 (Bankr. N.D. Ill. 1986). The law is clear that a debtor's "say-so does not of itself establish the hazard of incrimination." *Hoffman*, 341 U.S. at 486. The Fifth Amendment privilege only protects the witness against physical or moral compulsion exerted to compel testimonial or communicative self-incrimination. *Connelly*, 59 B.R. at 431; *Fisher*, 425 U.S. at 397-99.

The Court finds that the invocation of the Fifth Amendment by Granet, Miller, and Jansen is not justified. Specifically, Granet, Miller, and Jansen failed to demonstrate that they have a reasonable cause to apprehend danger of incrimination from answering the questions. In short, they have not shown that responsive answers to the discovery requests will incriminate them. The Court has reviewed the discovery requests propounded by the Plaintiffs and finds that there is nothing in the questions themselves or in the context in

-23-

which they are asked that would suggest that responsive answers tend to incriminate Granet, Miller, and Jansen. In particular, it is not evident to the Court from the implications of the questions that a responsive answer to the questions or an explanation of why they cannot be answered might be dangerous because injurious disclosure could result to Miller, Granet, and Jansen. In sum, they have not shown a real danger of criminal prosecution. Rather, they have merely alleged that they are invoking the Fifth Amendment. The Court finds their responses insufficient; a blanket assertion of the Fifth Amendment that fails to indicate the issues with respect to which the witnesses fear prosecution is not proper.

Moreover, the filings by Granet, Miller, and Jansen are untimely. The discovery requests were propounded in August of 2005 and should have been answered, with the Court-granted extensions, in December of 2005. The Court allowed Jansen to withdraw his default admissions and ordered him to respond by March 12, 2006. He failed to comply with the Court's order. Granet, Miller, and Jansen have displayed a history of dilatory behavior with respect to the propounded discovery. The Court will not further countenance this behavior. Thus, the Court finds that their filings are simply too little too late, and that their invocation of the Fifth Amendment is not justified.

### 2. Federal Rule of Civil Procedure 37(d)

Federal Rule of Civil Procedure 37 governs abuses of the discovery process. *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Pursuant to Rule 37(d), the Plaintiffs seek default judgment against the Defendants for their failure to respond to the discovery that was propounded. Rule 37(d) provides in pertinent part as follows:

-24-

> If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d). Subparagraphs (A), (B), and (C) of Rule 37(b)(2) authorize the court to sanction the disobedient party and include (1) refusing to allow the refractory party to support or oppose designated claims; (2) striking pleadings or staying proceedings until the order is obeyed; or (3) entering a judgment by default. FED. R CIV. P. 37(b)(2). The determination of which sanction to impose rests within the court's discretion. *Scaggs v. Consol. Rail Corp.*, 6 F.3d 1290, 1295 (7th Cir. 1993).

Courts have held that the entry of default judgment against the non-complying party is proper. *Golant v. Levy (In re Golant)*, 239 F.3d 931, 937 (7th Cir. 2001) (upholding default judgment after debtor refused to comply with order to produce documents); *United States v. Dimucci*, 110 F.R.D. 263, 268 (N.D. Ill. 1986) (imposing default judgment for failure to comply with court-ordered discovery). "'For a long time courts were reluctant to enter default judgments, and appellate courts were reluctant to sustain those that were entered .... Those times are gone'– thankfully." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 162 (7th

-25-

Cir. 1994) (*quoting Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1224 (7th Cir. 1991)). A court need not impose a lesser sanction prior to entering the sanction of default judgment. *See, e.g., Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987) ("A . . . court is not required to fire a warning shot" prior to issuing a default judgment as a sanction.).

Moreover, the Seventh Circuit has upheld the entry of default judgment based on dilatory tactics even absent a finding of dishonesty on the part of the defendant. *See, e.g., Metro. Life Ins.*, 929 F.2d at 1223-24; *Anderson v. United Parcel Serv.*, 915 F.2d 313, 314-15 (7th Cir. 1990); *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 284-85 (7th Cir. 1988). Rule 37(d) dispenses with the requirement of willfulness. *Halas*, 16 F.3d at 165 n.6. Nevertheless, the sanction imposed upon a recalcitrant party "'must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction.'" *Golant*, 239 F.3d at 937 (*quoting Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)).

"Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond." *Charter House Ins. Brokers, Ltd. v. N.H. Ins. Co.*, 667 F.2d 600, 604 (7th Cir. 1981). A party's response must be complete and accurate. *See Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 144-45 (N.D. Ill. 1982). Where, as here, there were court orders specifically directing production of documents and answers to interrogatories, Rule 37(d) applies with added force. *See Charter House*, 667 F.2d at 604.

In the exercise of its discretion, the Court enters default judgment against the Defendants under Counts II, III, and IV of the complaint for their failure to timely and

-26-

properly answer the Plaintiffs' discovery requests. The Defendants were required to answer

the discovery requests in September 2005. That date was extended by the Court to December

19, 2005. Baytree, Verbius, and Talcott have not answered the propounded discovery.

Jansen's default admissions were allowed to be withdrawn and he was afforded the

opportunity to answer the requests to admit by March 12, 2006, which he failed to do.

Granet, Miller, and Jansen attempted to answer some of the discovery in an evasive and

incomplete manner. *See* Section III.B.1 *supra.*

The Seventh Circuit has stated that "when . . . the fact that answers [to discovery] are

evasive or incomplete cannot be determined until further proceedings have been conducted

to obtain the information later determined to have been withheld, the evasive or incomplete

answers are tantamount to no answer at all, and [R]ule 37(d) is applicable." *Airtex Corp. v.

Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976). Dilatory compliance does

not remove a matter from the ambit of Rule 37(d). *Charter House*, 667 F.2d at 604; *EEOC

v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 627 (N.D. Ill. 1987); *Fautek*, 96 F.R.D. at 145-46

& n.5. "Parties are required to respond to requests to produce in a complete and accurate

fashion." *Fautek*, 96 F.R.D. at 145. "Ultimate production of the material in question does

not absolve a party where it has failed to produce the material in a timely fashion." *Id.* In

sum, the Court finds that proper exercise of its discretion, in light of the Defendants'

omissions and dilatory tactics, is to enter default judgment against them under Counts II, III,

and IV of the complaint pursuant to Rule 37(d).

As the Court noted in its previous Memorandum Opinion, it does not have core

jurisdiction over all of the Counts of the instant complaint. *Fetla's Trading Post*, 2006 WL

-27-

538802 at *1 n.1. Specifically, the Court stated that it has non-core related jurisdiction over Counts V through VIII. *Id.* Therefore, the Court can only enter proposed findings of fact and conclusions of law with respect to those counts of the complaint. Consequently, if the Court does not have core jurisdiction over Counts V through VIII, it will not enter a default judgment in favor of the Plaintiffs. However, because of the Defendants' evasive, incomplete, and untimely responses, the Court hereby strikes all of the pleadings filed by the Defendants in this matter. As a consequence, the Defendants are in default with respect to Counts V through VIII of the complaint.

The Plaintiffs also seek an award of their attorney's fees under Rule 37(d). The Court declines to exercise its discretion and award those fees. The Plaintiffs failed to provide the Court with an accounting of the attorney's time spent or the total amount that they seek. At a bare minimum, the party requesting an award of its attorney's fees must furnish the Court a dollar figure along with an itemization of the time expended and the services rendered for the requested fees before the Court can properly make such an award. Attorney's fees will not be allowed in a vacuum. As a result of the Plaintiffs' shortcomings, the Court refuses to award the Plaintiffs their attorney's fees under Rule 37(d).

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiffs' motion for partial summary judgment against Jansen under Count I of the complaint. In addition, the Court grants default judgment against the Defendants under Counts II, III, and IV of the complaint. The Court declines to grant default judgment under Counts V through VIII which are non-core related

-28-

causes of action. Instead, the Court strikes all of the pleadings filed by the Defendants in this matter and finds that the Defendants are in default under Counts V through VIII of the complaint. Further, the Court declines to award the Plaintiffs their attorney's fees. This matter has been previously set for trial, and the Court finds that the Final Pretrial Order remains in full force and effect for prove-up of the Plaintiffs' claimed damages and other relief prayed for in the complaint.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: _____5/4/6_____       _____

John H. Squires
**United States Bankruptcy Judge**

cc:  See attached Service List

## SERVICE LIST

### Fetla's Trading Post, Inc. v. Granet et al
#### Adversary No. 05 A 00926

Rodney C. Bashford, Esq.
Williams Montgomery & John Ltd.
20 N. Wacker Drive, Suite 2100
Chicago, IL 60606

Richard N. Golding, Esq.
Weinberg, Richmond LLP
333 W. Wacker Drive, Suite 1800
Chicago, IL 60606

Arthur G. Simon, Esq.
Crane, Heyman, Simon, Welch &
Clar
135 S. LaSalle Street, Suite 3705
Chicago, IL 60603

William T. Neary, United States
Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606